Case 4:22-cv-00707   Document 21   Filed on 04/04/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
April 04, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUDA I.,[1] | § § § § | |
| Plaintiff, | § § | No. 4:22-cv-0707 |
| v. | § § | |
| KILOLO KIJAKAZI,<br>Acting Commissioner of the Social<br>Security Administration, | § § § § § | |
| Defendant. | § § § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

Pending before the Court is Plaintiff Huda I.'s motion to recover attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). Pl.'s Mot., ECF No. 17.[2] The Commissioner of the Social Security Administration ("Commissioner") filed a response, stating the Commissioner does not oppose Plaintiff's requested award. Def.'s Resp., ECF No. 19 at 1. Based on the

---

[1] Pursuant to the May 1, 2018 "Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions" issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court uses only Plaintiff's first name and last initial.

[2] The district judge to whom this case is assigned referred Plaintiff's motion for attorney's fees. Order, ECF No. 18. A motion for attorney's fees is appropriate for report and recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B).

1

briefing, the evidence, and the applicable law, the Court determines that Plaintiff's motion should be granted as modified below.

I. **LEGAL STANDARD FOR THE EAJA**

The EAJA permits the recovery of attorney's fees in proceedings for judicial review of an agency's action. 28 U.S.C. § 2412(d)(1)(A). The purpose is "to ensure adequate representation of those who need it and to minimize the costs of this representation to taxpayers." *Day v. Comm'r, Soc. Sec. Admin.*, No. 6:16-CV-00210-RC, 2017 WL 4922048, at *1 (E.D. Tex. Oct. 31, 2017) (quotations omitted); *see Murkeldove v. Astrue*, 635 F.3d 784, 793 (5th Cir. 2011) (purpose is to eliminate the financial disincentive for an average person to challenge unreasonable government actions).

In a civil action brought against the United States, the claimant is entitled to attorney's fees under the EAJA when the following elements are met: (1) the claimant is the prevailing party, (2) the claimant timely files a fee application, (3) the court finds the position of the government was not substantially justified, and (4) no special circumstances make the award unjust. *Brian K. L. v. Comm'r of Soc. Sec.*, No. 4:20-CV-02810, 2022 WL 2704851, at *1 (S.D. Tex. July 12, 2022) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)).

This Court previously granted Defendant's request to reverse and remand the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further

proceedings. R&R, ECF No. 15 at 4–6; Order adopting R&R, ECF No. 16 at 1. The claimant is a prevailing party when the district court remands a social security action under sentence four of 42 U.S.C. § 405(g).[3] *Shalala v. Shaefer*, 509 U.S. 292, 300–01 (1993); *Matthews v. Berryhill*, No. 4:18-CV-04795, 2020 WL 242487, at *1 (S.D. Tex. Jan. 16, 2020). Thus, Plaintiff is the prevailing party, she timely[4] filed her motion for attorney's fees, and the government's position was not substantially justified. No special circumstances make the award of fees unjust.

## II. ANALYSIS

Plaintiff's counsel seeks an award of $6,656.80. ECF No. 17-1 at 3. He submitted evidence supporting an hourly rate of $212.00 for 31.4 attorney hours worked in 2022. *Id*. The Commissioner filed a response stating the Social Security Administration did not oppose an award of $6,656.80 in attorney fees. ECF No. 19 at 1.

Although the Commissioner does not oppose Plaintiff's motion, the Court

---

[3] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g), sentence four.

[4] After the district court renders judgment, a party has 30 days from the time that the judgment becomes final to seek an EAJA award. The district court's judgment becomes final when it can no longer be appealed. 28 U.S.C. § 2412(d)(2)(G). In suits in which a federal officer is a party, the time for appeal does not end until 60 days after the entry of a Rule 58 judgment. *Freeman v. Shalala*, 2 F.3d 552, 554 (5th Cir. 1993). Thus, a party has 30 days after this 60-day time period to seek an EAJA award of fees. In this case, the Court issued a judgment on March 16, 2023, ECF No. 20, which will become final after sixty days, on May 15, 2023. Plaintiff has thirty days from May 15, 2023 to file her motion for attorney's fees. Plaintiff filed her motion on February 3, 2023, and thus the motion is timely. ECF No. 17.

must still determine whether the fee is reasonable by examining the hours worked and the rate sought. *Matthews*, 2020 WL 242487, at *2 (citing *Chargois v. Barnhart*, 454 F. Supp.2d 631, 634 (E.D. Tex. 2006)). Typically, in Social Security cases, fee applications range from twenty to forty hours. *Id.*[5] Plaintiff's counsel claims 31.40 hours, ECF No. 17-1 at 3, which is within the typical range of hours for this type of case. *See Matthews*, 2020 WL 242487, at *2. Having reviewed the record in this case, the Court finds that the number of hours sought is reasonable and supported.

Counsel's hourly rate is higher than the statutory rate of $125. The EAJA dictates that attorney's fees shall not be awarded in excess of $125 per hour, unless the court determines that an increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). Thus, counsel's request requires a finding that the increase in the cost of living or a special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(2)(A)(ii). "The court has wide discretion in calculating any increase in the hourly rate." *Matthews*, 2020 WL 242487, at *2.

Courts routinely use cost-of-living adjustment based on the Consumer Price Index ("CPI") report the United States Bureau of Labor Statistics compiles. *E.g.*, *Chargois*, 454 F.Supp.2d at 634 (collecting cases); *Day*, 2017 WL 4922048, at *2.

---

[5] Courts award attorney's fees pursuant to the EAJA only for those hours incurred in the civil action, not the administrative proceedings. The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action, brought by or against the United States in any court having jurisdiction of that action." 28 U.S.C. § 2412(d)(1)(A).

Based on the region where services were performed, the court will use the average annual CPI for the year the last time the rate changed as a base rate, and then compare it to the average annual CPI for when the attorney provided the legal services. *See Chargois*, 454 F.Supp.2d at 634; *see also Perales v. Casillas*, 950 F.2d 1066, 1079 (5th Cir. 1992) (instructing the court on remand to "segregate the attorneys' hours by year and apply the appropriate cost-of-living adjustment on an annual basis"). If the CPI increased from the time the hourly rate changed to the time the services were performed, "the court calculates the percentage difference and approves an excess hourly fee corresponding to the calculated percentage increase." *Chargois*, 454 F.Supp.2d at 634.

Courts routinely apply CPI data specific to the location in which the case is pending. *See Brian K. L.*, 2022 WL 2704851, at *3 n.7. Here, the services were performed in the Houston area, where this court is located. Plaintiff's counsel is claiming fees for work performed in 2022. The hourly rate changed in 1996 and was increased to $125 per hour; at that time, the annual average CPI for Houston-The Woodlands-Sugar Land, TX was 142.7.[6] In 2022, the CPI for Houston-The Woodlands-Sugar Land, Texas was 258.66. Therefore, the percentage difference

---

[6] Consumer Price Index, All Urban Consumers (CPI-U), Houston-The Woodlands-Sugar Land, TX, https://data.bls.gov/timeseries/CUURS37BSA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (last visited March 29, 2023).

between 1996 and 2022 is 181.126% (258.66/142.7). Accordingly, adjusted for inflation, the hourly rate for 2022 is $226.58. (181.126% x $125). *See Ferrel v. Kijakazi*, No. 4:21-CV-03409, 2023 WL 2477739, at *2 (S.D. Tex. Mar. 13, 2023) (calculating and approving a CPI-adjusted rate of $226.58 per hour). Using this calculated hourly rate, the Court determines the appropriate fee for Plaintiff's counsel based on the hours worked. Plaintiff's counsel worked 31.4 hours; at $226.58 per hour, his fee is $ 7,114.51. This amount is slightly more than Plaintiff originally requested. However, to promote uniformity in the division, the Court uses the rates as calculated. *Mesecher v. Berryhill*, No. 4:15-CV-0859-BL, 2017 WL 4417682, at *2 (N.D. Tex. Oct. 3, 2017) ("Use of such data promotes fee rates that are uniform within a particular district court division."); *Lonnie Rai R. v. Kijakazi*, No. 4:21-CV-2270, 2022 WL 16823071, at *3 (S.D. Tex. Nov. 8, 2022) (same).

The Court finds that a fee of $7,114.51 is reasonable for 31.40 hours worked. *Lonnie Rai R.*, 2022 WL 16823071, at *3 (approving $6,393.55 in fees for 28.4 hours in attorney time); *Deborah S. v. Comm'r of Soc. Sec.*, No. 4:20-CV-01580, 2022 WL 393834, at *3 (S.D. Tex. Feb. 9, 2022) (approving $4,827.14 in fees for 20.4 hours in attorney time and other fees); *Burkhart v. Saul*, No. 2:20-CV-155, 2021 WL 5154786, at *3 (S.D. Tex. Aug. 2, 2021) (approving $8,456.32 in fees for 42.2 hours in attorney time and other fees); *Matthews*, 2020 WL 242487, at *4 (approving $6,691.13 for 29.5 hours in attorney time and other fees).

## III. CONCLUSION

Finding it meritorious, the Court **RECOMMENDS** that Plaintiff's motion for attorneys' fees be **GRANTED**, and Defendant be **ORDERED** to pay $7,114.51 pursuant to the Equal Access to Justice Act directly to Plaintiff.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.** *Ortiz v. San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

**SIGNED** at Houston, Texas, on April 4, 2023.

*Dena Palermo*
_____

**Dena Hanovice Palermo
United States Magistrate Judge**